FILED IN MY OFFICE
DISTRICT COURT CLERK
8/26/2014 3:47:48 PM
WELDON J. NEFF
Sommar Cole

**ELEVENTH JUDICIAL DISTRICT**
**STATE OF NEW MEXICO**
**SAN JUAN COUNTY**

**JOHNNIE BURTON, personally and as Personal**
**Representative for MATILDA BURTON (deceased),**

      **Plaintiffs,**

                                D-1116-CV-2014-00943

**vs.**                      **NO. CV-**

**DEPUTY WAGNER, arresting deputy with the**
**San Juan County Sheriff's Office individually and**
**under the color of law, CHRISTOPHER SMART, Supervisor,**
**individually and in his capacity as a state actor under the color of law,**
**VALARIE REYNASO, Supervisor, in her individual**
**capacity under color of law, and Officers MICHAEL GOMEZ,**
**REBECCA HAM, KATHLEEN GREEN, RONALD FOUST**
**LORETTA WHITE, individually and as state actors under**
**the color or law, THE SAN JUAN**
**COUNTY DETENTION CENTER, SAN JUAN COUNTY,**
**and CORRECTIONAL HEALTHCARE COMPANIES ("CHC"),**

      **Defendants.**

## COMPLAINT FOR PERSONAL INJURIES, WRONGFUL DEATH, AND VIOLATIONS OF CIVIL RIGHTS

    Plaintiffs Johnnie Burton, individually and as Personal Representative for the deceased, Matilda Burton, by and through their attorney of record Jennifer D. Yoder of Tucker, Burns, Yoder & Hatfield, bring the following complaint to recover damages for personal injuries, wrongful death and violations of civil rights under the New Mexico statutory and common law, and for violations of civil rights and constitutional rights pursuant to the Constitution of the state of New Mexico, 42 U.S.C. §1983, the Americans with Disabilities Act (42 U.S.C. Chapter 26 Sections 12101 *et seq.*) and the Eighth Amendment and Due Process and Equal Protection clauses of the 14th Amendment of the United States Constitution and the laws of the United



States. In support of the Complaint Plaintiffs allege:

## JURISDICTION AND VENUE

1. The events alleged herein occurred within San Juan County, New Mexico.

2. Plaintiff, Johnnie Burton has and did reside in San Juan County, New Mexico at all times pertinent hereto.

3. Plaintiff, Matilda Burton (deceased), resided in San Juan County, New Mexico at all times pertinent hereto.

4. At all times pertinent hereto, Johnnie Burton was married to Matilda Burton.

5. Matilda Burton died on September 23, 2012 in San Juan County, New Mexico.

6. At all times herein, both Johnnie Burton and Matilda Burton were tribal members of the Navajo Nation.

7. Johnnie Burton has or should be appointed as Personal Representative for his wife, Matilda Burton for purposes of this cause of action.

8. Upon Information and belief, at all times material to this action, Defendant DEPUTY WAGNER was employed by San Juan County or the San Juan County Sheriff's Office and working in San Juan County, New Mexico at the time he arrested Matilda Burton.

9. After being arrested by Deputy Wagner, Matilda Burton was held, until her death, at San Juan County Detention Center without bail on an outstanding misdemeanor warrant.

10. Upon information and belief, Defendant CHRISTOPHER SMART was at all times pertinent hereto employed by San Juan County Detention Center or San Juan County.

11. Upon information and belief, Defendant VALARIE REYNASO was employed by

2

San Juan County Detention Center or San Juan County at all times relevant herein.

12. Upon information and belief, Defendant MICHAEL GOMEZ was employed by San Juan County Detention Center or San Juan County at all times relevant herein.

13. Upon information and belief, Defendant REBECCA HAM was employed by the San Juan County Detention Center or San Juan County at all times relevant herein.

14. Upon information and belief, Defendant KATHLEEN GREEN was employed by the San Juan County Detention Center or San Juan County at all times relevant herein.

15. Upon information and belief, Defendant RONALD FOUST was employed by the San Juan County Detention Center or San Juan County at all times relevant herein.

16. Upon information and belief, Defendant LORETTA WHITE was employed by the San Juan County Detention Center or San Juan County at all times relevant herein.

17. Claims against Defendants Deputy Wagner, Christopher Smart, Valarie Reynaso, Rebecca Ham, Kathleen Green, Ronald Foust and Loretta White are brought in their individual capacity as state actors under the color of law at all times relevant herein.

18. Upon information and belief, Defendant San Juan County Detention Center, is a San Juan County New Mexico government institution operated by San Juan County, New Mexico.

19. Upon information and belief, Defendant Correctional Healthcare Companies was licensed to and doing business pursuant to contract to provide healthcare services to inmates at the San Juan County Detention Center in San Juan County, New Mexico.

20. The Court has concurrent jurisdiction with the Federal Courts over 42 U.S.C. Section 1983 claims for the denial of federal constitutional rights. This Court has jurisdiction over claims brought under the New Mexico Tort Claims Act.

21. Tort Claim Notice was provided on October 15, 2012 in satisfaction of the New Mexico Tort Claims Act notice requirement.

22. Jurisdiction and venue are proper with this Court.

### FACTS RELEVANT TO ALL CLAIMS

23. Plaintiff hereby re-alleges and incorporates all of the above allegations as if fully set forth herein.

24. On September 7, 2012, in San Juan County, New Mexico, Matilda Burton was arrested by Deputy Wagner of the San Juan County Sheriff's Office arrested, and booked into the San Juan County Detention Center.

25. Matilda Burton was booked into the San Juan County Detention Center on an outstanding misdemeanor warrant and was denied bail in violation of her Eighth Amendment rights and, upon information and belief, for racially discriminatory reasons to be proven through discovery.

26. Even at the time of her arrest and detention, Matilda Burton was unable to walk or stand unassisted, was ill and disabled by definition of law, was on required medication, and should not have been booked into or detained in the San Juan County Detention Center without an appropriate medical plan or medical oversight.

27. At the time she was booked into and detained in the San Juan County Detention Center, Johnnie Burton was denied contact with and was not allowed to provide to his wife, Matilda Burton, her necessary and life-maintaining medications.

28. Specifically, Johnnie Burton contacted San Juan County Detention Center telephonically on numerous occasions to discuss his wife's, Matilda Burton's, medical conditions and requirements and to try to speak with his wife.

4

29. San Juan County Detention Center refused Johnnie Burton's requests to discuss her medical needs, and wrongfully denied him telephonic contact and visitation with his wife.

30. Defendants San Juan County Detention Center, San Juan County, and Correctional Healthcare Companies, including all individuals named herein who acted as state actors under the color of law, had complete control over Plaintiff's healthcare and well-being.

31. All Defendants named herein were in a position of authority over Plaintiff, Matilda Burton.

32. Defendants herein were, or should have been, under advisement as to the seriousness of Matilda Burton's medical condition and responsible for the maintenance of her health and medication during her period of incarceration.

33. Defendants San Juan County Detention Center, San Juan County, and Correctional Healthcare Companies were in control of and responsible for the health, well-being and medical care of Plaintiff, Matilda Burton.

34. At all times pertinent hereto, all Defendants herein were in a position of authority over Plaintiff who was detained and incarcerated as an inmate in the San Juan County Detention Center from the time of her arrest on September 7, 2013, to the time of her death on September 23, 2012.

35. Defendants willfully, intentionally and/or negligently misused their position of control and authority, and in so doing, denied Matilda Burton adequate medical care and medication, and or took or failed to take action leading to injury to her person and her eventual death.

36. Defendants willfully, intentionally and/or negligently ignored the repetitive requests, notices, pleas and information provided by herself and her husband Johnnie Burton, and failed to provide adequate accommodations, healthcare and maintenance to Matilda Burton causing her injury, pain and suffering, and eventually her death.

37. Matilda Burton's wrongful death resulted in a loss of consortium, and pain and suffering, to her husband, Johnnie Burton.

## COUNT I – ENUMERATED TORTS BY NAMED DEFENDANTS UNDER NMSA §41-4-12

38. Plaintiffs hereby re-allege and incorporate all of the above allegations as if fully set forth herein.

39. The individually named Defendants herein caused severe mental and physical harm resulting in death to Plaintiff by and through willful, intentional or reckless actions or failures to act, and harmful and offensive with Plaintiff.

40. These actions were in violation of Plaintiff's rights under state and federal law. Defendants, San Juan County Detention Center and San Juan County are directly responsible to Plaintiffs under the doctrine of *respondeat superior* for the acts causing her personal injury, mental suffering and physical anguish and wrongful death by enumerated torts under §41-4-12.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiffs reincorporate all the allegations stated above.

42. Defendants behavior, conduct, actions or failures to act, was outrageous and shocking under the circumstances.

43. Defendants knew or should have known that the willful and intentional acts or

6

failures to act or recklessly negligent acts as set forth herein would inflict sever psychological and physical injury and harm to Plaintiffs.

44. As a direct and proximate result of Defendants' outrageous, inappropriate, irresponsible and illegal recklessness or behavior, Plaintiffs have suffered severe injury and loss including death.

## COUNT III – NEGLIGENCE AND NEGLIGENCE PER SE

45. Plaintiffs incorporate all the allegations stated above.

46. At all times alleged in this Complaint, Defendants owed Plaintiff a duty of care to be reasonable under the circumstances, and breached that duty causing harm and damages.

47. As a direct and proximate result of Defendants' willful and intentional and extreme negligence or recklessness, and failure to adequately provide for and maintain the health and welfare of Plaintiff while in a position of complete authority and control, Plaintiffs have suffered damages including mental and physical injuries and wrongful death.

## COUNT IV—PERSONAL INJURY

48. Plaintiffs incorporate all the allegations stated above.

49. At all times alleged in this Complaint, Defendants owed Plaintiff a duty of care to be reasonable under the circumstances, and breached that duty causing harm and damages.

50. As a direct and proximate result of Defendants' willful and intentional and extreme negligence or recklessness, and failure to adequately provide for and maintain the health and welfare of Plaintiff while in a position of complete authority and control,

Plaintiffs have suffered damages including mental and physical injuries and wrongful death.

## COUNT V—WRONGFUL DEATH

51. Plaintiffs incorporate all the allegations stated above.

52. As a direct and proximate result of Defendants' willful and intentional and extreme negligence or recklessness, and failure to adequately provide for and maintain the health and welfare of Plaintiff while in a position of complete authority and control, Plaintiffs have suffered damages including mental and physical injuries and wrongful death.

## COUNT VI –LOSS OF CONSORTIUM

53. Plaintiffs reincorporate all the allegations stated above.

54. At all times alleged in this Complaint, Defendants owed Plaintiffs a duty of care to be reasonable under the circumstances, and breached that duty causing harm and damages.

55. As a direct and proximate result of Defendants' willful and intentional and extreme negligence or recklessness, intentional violations of her constitutional rights, and failure to adequately provide for and maintain the health and welfare of Plaintiff while in a position of complete authority and control, Matilda Burton suffered violations of her constitutional rights, extreme mental and physical injuries, including her wrongful death.

56. Plaintiff Johnnie Burton was the legal husband of Plaintiff Matilda Burton at all times relevant herein, and therefore suffered a loss of consortium as a direct and proximate result of Defendants' actions.

COUNT VII – NEGLIGENT OPERATION AND MAINTENANCE OF FACILITY PURSUANT TO §41-4-6 BY SAN JUAN COUNTY DETENTION CENTER, SAN JUAN COUNTY AND CORRECTIONAL HEALTHCARE COMPANIES

57. Plaintiff reincorporates all the allegations stated above.

58. Defendants San Juan County Detention Center, San Juan County and Correctional Healthcare Companies, in addition to the individual Defendants as named herein, were negligent in the operation and maintenance and provision of supervision and healthcare and the facility that is San Juan County Detention Center.

59. Defendants' failure to provide for adequate supervision and medical treatment at San Juan County Detention Center or failure to institute or enforce adequate policies and procedures to ensure the safety and adequate medical treatment of the individuals incarcerated therein, constitutes negligence for which immunity is waived under §41-4-6 of the Tort Claims Act.

60. Additionally, Defendants had a duty to exercise ordinary care such that the medical health and well-being of the inmates of the San Juan County Detention Center were reasonably safe or protected, particularly for the ill or sick inmates who were being detained there.

61. Such duties included, but were not limited to:

    a. Maintaining a safe environment for the ill and disabled, including Plaintiff;

    b. Preventing injury to all inmates and ill and disabled inmates, including Plaintiff;

    c. Protecting the bodies health and well-being of disable, ill or sick inmates, including Plaintiff;

9

   d. Maintaining an appropriate environment consistent with standards in the industry and field and in accordance with the Americans with Disabilities Act;

62. Defendants breached their duties.

63. As a direct and proximate result of Defendants' breach of duties, the San Juan County Detention Center was unreasonably dangerous.

64. As a direct and proximate result of Defendant's breach of duties, Plaintiffs have suffered severe mental and physical injuries, including death.

65. Defendants' negligence was a cause of Plaintiffs' damages.

## COUNT VIII – NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

66. Plaintiffs reincorporate all the allegations stated above.

67. Defendants San Juan County Detention Center, San Juan County, and Correctional Healthcare Companies were negligent in the hiring, training, retention, and supervision of the individually named Defendants herein.

68. The failures and conduct of the individual Defendants named herein were a direct result and were enabled, caused, and made possible by Defendant, San Juan County Detention Center, San Juan County, and Correctional Healthcare Companies' negligence in hiring, training, supervising, and retaining of said Defendants.

69. As a direct result of Defendants' negligence, Plaintiff has suffered damages.

## COUNT IX – VIOLATIONS OF 42 U.S.C. SECTION 1983

70. Plaintiffs reincorporate all the allegations stated above.

71. Defendants herein were required by law to observe and adhere to common law and statutory laws and civil rights laws and guarantees in the performance of their duties to or for those detained at the San Juan County Detention Center.

72. Defendants herein had authority to perform such duties as necessary to protect the life and health of Plaintiff and failed to properly exercise that authority contrary to law.

73. Defendants exercise of power or complete control over Plaintiff and their conduct toward Plaintiff as alleged herein was possible only because the Defendants herein were clothed with authority of state law.

74. Defendants herein violated clearly established constitutional law under the Fourteenth Amendment when their conduct willfully, intentionally or recklessly disregarded the duty to maintain her health, well-being, and even her life as they were in the position of total authority and control over Plaintiff.

75. Defendants' willful and intentional, and/or recklessly negligent conduct violated the protection of her well-being, health, and life, and ultimately the equal protection of Plaintiff, directly violating her rights under the due process and equal protection clauses of the 14th Amendment.

76. Upon information and belief, Defendants' willful and intentional, and/or recklessly negligent conduct as set forth in this complaint was sexually and/or racially discriminatory, in violation of the New Mexico and United States Constitution, and in violation of Plaintiffs due process and equal protection rights in a manner to be proven through discovery.

77. Defendants took no action to protect Plaintiff. Defendants' deliberate indifference in failing to protect Plaintiff resulted in Plaintiff suffering the ultimate mental and physical injuries and damages, including her death.

78. Defendants' conduct exposed the Plaintiff to a substantial risk of proximate, immediate, and serious physical and mental harm

11

79. Defendants acted in conscious and reckless disregard of the Plaintiff, Matilda Burton's, safety.

80. Defendants' conduct, when viewed as a whole, is conscious shocking and deprived the Plaintiffs of their rights under the due process clause ("Fourteenth Amendment") of the United States constitution.

81. Plaintiffs' substantive due process rights were violated.

82. Defendants' conduct constituted physical and mental harm to the Plaintiffs, contrary to their rights under state and federal law.

83. As a direct and proximate result of the violations alleged, Plaintiff has suffered injuries and damages.

84. As a direct and proximate result of the violations alleged, Defendants' conduct constituted cruel and unusual punishment contrary to her rights under state and federal law.

COUNT X – VIOLATIONS OF 42 U.S.C. CHAPTER 126 SECTIONS 12101 *et seq.*

85. Defendants herein were required by law to observe and adhere to common law and statutory laws and civil rights laws and guarantees in the performance of their duties to or for those who are disable and are detained at the San Juan County Detention Center.

86. Defendants herein had authority to perform such duties as necessary to follow the mandated requirements and adequately protect the life and health of Plaintiff in accordance with the Americans with Disabilities Act and failed to properly act in accordance with the law.

87. Defendants exercise of power and complete control over Plaintiff and their conduct

toward Plaintiff as alleged herein was possible because the Defendants herein were clothed with authority of state law and failed to adequately provide for the needs, health and well-being of the disabled Plaintiff.

88. Defendants conduct as alleged herein violated Plaintiffs rights as clearly established under the Americans with Disabilities Act.

89. Defendants' willful and intentional, and/or recklessly negligent conduct violated her rights under the law as set forth herein.

90. Defendants willful and intentional conduct violated Plaintiff's rights as a disabled person as defined in the law.

91. Defendants took no actions to provide for Plaintiff's needs as per the Americans with Disabilities Act and further demonstrated complete indifference to her needs thereby resulting in Plaintiff's physical and mental suffering and ultimately, her death.

92. Defendants acted in conscious and reckless disregard of the Plaintiff's rights as a disabled person, resulting in serious damages including violations to her civil rights as afforded to her under state and federal law, and mental and physical harm, including her death.

93. Defendants' conduct, when viewed as a whole, is conscious shocking and deprived the Plaintiffs of their rights under the due process clause ("Fourteenth Amendment") of the United States constitution.

94. As a result of the damages caused to Plaintiff and Defendants intentional, willful and reckless disregard of the rights afforded to Plaintiff under both state and federal law, Plaintiffs are entitled to damages, including but not limited to attorneys fees and costs.

WHEREFORE, Plaintiffs pray the Court find in their favor against all Defendants, in an amount sufficient to compensate for all damages and injuries suffered, for punitive damages for constitutional violations shown, and for all costs, fees, and other relief deemed just and proper.

Respectfully submitted,

/s/ Jennifer D. Yoder
JENNIFER D. YODER
Attorney for Plaintiffs
Tucker, Burns, Yoder & Hatfield
105 N. Orchard Avenue
Farmington, NM 87401
(505) 325-7755

I HEREBY CERTIFY that a true and correct copy of the foregoing pleadings was sent by First Class Mail to the following:

On August 2015, 2014

# VERIFICATION

**STATE OF NEW MEXICO )**

                       )     **ss.**

**COUNTY OF SAN JUAN  )**

     JOHNNY BURTON, herein, first duly sworn upon oath, deposes and states that he has read, knows and understands the contents of the foregoing and that the statements made therein are true to the best of his knowledge.

                                                                      JOHNNY BURTON

     **SUBSCRIBED AND SWORN** to before me this _26th_ day of _August_ 2014.

OFFICIAL SEAL
CRISTY J. TRENNEPOHL
NOTARY PUBLIC - STATE OF NEW MEXICO
My commission expires: 4 23 17

                                                NOTARY PUBLIC